Lauren Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone 310.820.8800
Facsimile 310.820.8859
Email: lattard@bakerlaw.com

Andrew V. Layden
*Admitted Pro Hac Vice*
BAKER & HOSTELTER LLP
200 S. Orange Avenue, Suite 2300
Orlando, FL 32801
Telephone 407.649.4000
Facsimile 407.841.0168
Email: alayden@bakerlaw.com

Michael T. Delaney (SBN 261714)
BAKER & HOSTETLER LLP
Key Tower, 127 Public Square, Suite 2000
Cleveland, OH 44144
Telephone 216.861.7478
Facsimile 216.696.0740
Email: mdelaney@bakerlaw.com

*Attorneys for Debtor*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>ERICKSEN, ARBUTHNOT, KILDUFF, DAY & LINDSTROM, INC.,<br><br>Liquidating Debtor. | Case No.: 23-40134-WJL<br><br>Chapter 11 Case |
| ERICKSEN, ARBUTHNOT, KILDUFF, DAY & LINDSTROM, INC.,<br><br>    Plaintiff,<br><br>        v.<br><br>ALBERT M. T. FINCH, III; ANDREW KOZLOW; ANGELA KIM; BRETT L. RUNYON; BRIAN M. SANDERS; CHARLES S. PAINTER; DAVID J. FRANKENBERGER; DOUGLAS M. KILDUFF; | Adv. Proc. No. _____<br><br>**COMPLAINT TO SUBORDINATE CLAIMS UNDER SECTION 510(b) OF THE BANKRUPTCY CODE** |

GEORGE J. HERNANDEZ; GRAHAM CRIDLAND; MARK L. KIEFER; NATHANIEL LUCEY; NORMA PEDROZA CHAVEZ; SHARON HIGHTOWER; VON REYES; and WILLIAM JENKINS,

Defendants.

Ericksen, Arbuthnot, Kilduff, Day & Lindstrom, Inc. (the "**Debtor**"), as Liquidating Debtor as defined in the *Plan of Reorganization for Small Business Under Chapter 11* (Doc. No. 107) filed in the above-captioned chapter 11 case (the "**Bankruptcy Case**"), confirmed with certain modifications pursuant to the *Order Confirming Plan* (Doc. No. 167) (as confirmed, the "**Confirmed Plan**"), and as plaintiff in the above captioned adversary proceeding, hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an adversary proceeding requesting that the Court determine if the claims ("**Claims**") of the following Defendants (each individually a "**Shareholder**" and, collectively, the "**Shareholders**"), are subject to mandatory subordination pursuant to § 510(b) of Title 11 of the United States Code (the "**Bankruptcy Code**"):

   a. Albert M. T. Finch, III (Proof of Claim No. 31),

   b. Andrew Kozlow (Proof of Claim No. 30),

   c. Angela Kim (Proof of Claim No. 22),

   d. Brett L. Runyon (Proof of Claim No. 15),

   e. Brian M. Sanders (Proof of Claim No. 32),

   f. Charles S. Painter (Proof of Claim No. 41),

   g. David J. Frankenberger (Proof of Claim No. 14),

   h. Douglas M. Kilduff (Proof of Claim No. 11),

   i. George J. Hernandez (Proof of Claim No. 51),

   j. Graham M. Cridland (Proof of Claim No. 39),

   k. Mark L. Kiefer (Proof of Claim No. 13),

   l. Nathaniel Lucey (Proof of Claim No. 25),

- 2 -

m.  Norma Pedroza Chavez (Proof of Claim No. 24),

n.  Sharon Hightower (Proof of Claim No. 28),

o.  Von Reyes (Proof of Claim No. 27), and

p.  William Jenkins (Proof of Claim No. 23).

2.  All of the Claims arise from the Debtor's contractual obligation to repurchase the Shareholder's shares of stock in the Debtor when he or she left or retired from the Debtor's law firm.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4.  The Debtor consents to entry of a final order or judgment by the Bankruptcy Court in this matter.

5.  Venue is proper in this district under 28 U.S.C. § 1409(a). This adversary proceeding is related to a bankruptcy case under Chapter11 Subchapter V that is pending in this district Case No. 23-40134-WLJ.

6.  This adversary proceeding is commenced pursuant to the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") rule 7001(8) and § 510(b) of the Bankruptcy Code.

## PARTIES

7.  The Debtor filed the above-captioned bankruptcy case on February 3, 2023 (the "**Petition Date**").  On June 23, 2023, the Court entered the Confirmation Order.

8.  Each of the Shareholders was previously a shareholder in the Debtor's law firm and filed a proof of claim against the Debtor based on the Debtor's obligations under the Stock Purchase Agreements and/or Installment Note Payable to rebuy such shareholder's stock in the Debtor:

   a.  Defendant Albert M. T. Finch, III was a shareholder of the Debtor and is party to a Stock Purchase Agreement with the Debtor, according to proof of claim number 31 filed on April 12, 2023, in the amount of $252,230.00.

b. Defendant Andrew Kozlow was a shareholder of the Debtor and is party to a Stock Purchase Agreement and an Installment Note Payable with the Debtor, according to proof of claim number 30 filed on April 12, 2023, with an unknown amount.

c. Defendant Angela Kim was a shareholder of the Debtor and is a party to a Stock Purchase Agreement with the Debtor, according to proof of claim number 22 filed on March 29, 2023, in the amount of $300,000.00.

d. Defendant Brett L. Runyon was a shareholder of the Debtor and is party to a Stock Purchase Agreement with the Debtor, according to proof of claim number 15 filed on March 27, 2023, in the amount of $41,110.00.

e. Defendant Brian M. Sanders was a shareholder of the Debtor and is party to a Stock Purchase Agreement with the Debtor, according to proof of claim number 32 filed on April 12, 2023, in the amount of $100,000.00.

f. Defendant Charles S. Painter was a shareholder of the Debtor and is party to a Stock Purchase Agreement with the Debtor, according to proof of claim number 41 filed on April 13, 2023, in the amount of $4,050.00.

g. Defendant David J. Frankenberger was a shareholder of the Debtor and is party to a Stock Purchase Agreement with the Debtor, according to proof of claim number 14 filed on March 24, 2023, in the amount of $369,900.00.

h. Defendant Douglas M. Kilduff was a shareholder of the Debtor and is party to a Stock Purchase Agreement and an Installment Note Payable with the Debtor, according to proof of claim number 11 filed on March 10, 2023, in the amount of $194,822.92.

i. Defendant George J. Hernandez was a shareholder of the Debtor and is party to a Stock Purchase Agreement and an Installment Note Payable with the Debtor, according to proof of claim number 51 filed on June 12, 2023, in the amount of $125,295.49.

j. Defendant Graham Cridland was a shareholder of the Debtor and is party to a Stock

Case: 23-04046    Doc# 1    Filed: 10/20/23    Entered: 10/20/23 10:08:15    Page 4 of 7
4876-1563-2497.5

Purchase Agreement with the Debtor, according to proof of claim number 39 filed on April 13, 2023, in the amount of $7,630.06. D

 k. Defendant Mark L. Kiefer was a shareholder of the Debtor and is party to a Stock Purchase Agreement with the Debtor, according to proof of claim number 13 filed on March 19, 2023, in the amount of $320,000.00.

 l. Defendant Nathaniel Lucey was a shareholder of the Debtor and is party to a Stock Purchase Agreement and an Installment Note Payable with the Debtor, according to their proof of claim number 25 filed on April 7, 2023, in an unknown amount.

 m. Defendant Norma Pedroza Chavez was a shareholder of the Debtor and is party to a Stock Purchase Agreement with the Debtor, according to proof of claim number 24 filed on April 5, 2023, in the amount of $137,762.69.

 n. Defendant Sharon Hightower was a shareholder of the Debtor and is party to a Stock Purchase Agreement with the Debtor, according to proof of claim number 28 filed on April 12, 2023, in the amount of $251,997.43.

 o. Defendant Von Reyes was a shareholder of the Debtor and is party to a Stock Purchase Agreement with the Debtor, according to proof of claim number 27 filed on April 11, 2023, in the amount of $369,000.00.

 p. Defendant William Jenkins was a shareholder of the Debtor and is party to a Stock Purchase Agreement with the Debtor, according to proof of claim number 23 filed on April 5, 2023, in the amount of $361,416.66.

## FACTUAL BACKGROUND

9. Under the Confirmed Plan, upon occurrence of the Effective Date (as that term is defined in the Confirmed Plan) the Debtor is vested with all of the pre-confirmation debtor's assets, including all Causes of Action (as that term is defined in the Confirmed Plan), which includes the Debtor's right to request an adjudication of whether the Claims are subject to mandatory subordination under Section 510(b) of the Bankruptcy Code. *See e.g.* Confirmed Plan at § 8.01(33), (42), (55); § 10.02.

10. The Effective Date of the Plan occurred on July 10, 2023 (Doc. No. 175).

11. During the Bankruptcy Case, the Shareholders filed proofs of claim against the Debtor, each as described in paragraph 8 herein.

12. Each Claim constitutes a claim for damages arising from certain stock purchase agreements executed by the Debtor with each of the Shareholders (the "**Stock Purchase Agreements**"), pursuant to which the Debtor was required to repurchase the Shareholder's shares of stock in the Debtor when he or she left or retired from the Debtor's law firm, or an Installment Note Payable (the "**Installment Note Payable**") that was executed in accordance with a Stock Purchase Agreement to document the Debtor's obligation to re-buy a departing Shareholder's stock in the Debtor via payments over time based on a formula which determined the price of the stock as of the last day of the fiscal year in which the departure occurred.

13. For Shareholders who departed from the Debtor's law firm prior to October 1, 2021, the Debtor the required payments to re-buy such Shareholders' stock in the Debtor, but due to the Debtor's financial difficulty in the fiscal year ended September 30, 2022, the Debtor was unable to fully pay any former Shareholder to re-buy such Shareholder's stock in the Debtor.

14. For Shareholders who departed the Debtor's law firm after October 1, 2021, the Debtor did not make any payments to the Shareholder to re-buy such Shareholder's stock in the Debtor.

## COUNT ONE:
## MANDATORY SUBORDINATION

15. The Debtor repeats and realleges paragraphs 1 through 14 hereof, as if fully set forth herein.

16. Section 510(b) of the Bankruptcy Code requires that "a claim arising from rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, for damages arising from the purchase or sale of such a security, or for reimbursement or contribution allowed under section 502 on account of such a claim" must be subordinated to all claims that are senior to or that equal the claims of current holders of that security, except that if such security is common stock, the holder of the claim has the same priority as current holders of common stock."

- 6 -

4876-1563-2497.5

17.  Each of the Shareholders' Claims is for damages arising from the purchase of sale of a security because each Claim is for damages against the Debtor arising from breach of the Stock Purchase Agreement or Installment Note Payable, both of which arise from and relate to the Debtor re-buying shares in the Debtor from the departing Shareholder.

18.  Each of the Shareholders' Claims is subject to mandatory subordination under Section 510(b) of the Bankruptcy Code. *See e.g. In re Tristar Esperanza Properties, LLC*, 488 B.R. 394, 399 (9th Cir. BAP 2013); *see also In re Elieff*, 637 B.R. 612, 622 (B.A.P. 9th Cir. 2022), *aff'd*, No. 22-60008, 2023 WL 2203564 (9th Cir. Feb. 24, 2023).

19.  Under the Confirmed Plan, each of the Claims should be treated as a Class 4 Claims.

**PRAYER**

WHEREFORE, Plaintiff demands judgment against the Defendants:

a. Subordinating the Claims to the claims of all unsecured creditors and to the same priority of claims of holders of common stock pursuant to section 510(b) of the Bankruptcy Code, and providing that all Claims shall be treated as Class 4 Claims under the Confirmed Plan.

b. For such other and further relief as the Court deems just and proper.

Dated: October 20, 2023

Respectfully submitted,

BAKER & HOSTETLER LLP

By:    */s/ Andrew V. Layden*
        Andrew V. Layden

*Attorneys for Debtor*